1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

# **EXHIBIT A**

## Plaintiffs' Class Action Complaint

DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL,
A PROFESSIONAL CORPORATION
3080 Washington St.
San Francisco, CA 94115
(415) 317-7756
david@hrw-law.com

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

10/23/2025
Clerk of the Court
BY: MARIVIC VIRAY
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JUDAH ROSENWALD, CRAIG CHOURAKI-LEWIN, AND CINDY RUTTER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> KIMBERLY-CLARK CORPORATION, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br> **[CLASS ACTION]** <br><br> **CGC-25-631058** |

Plaintiffs, Judah Rosenwald, Craig Chouraki-Lewin, and Cindy Rutter ("Plaintiffs"), by and through the undersigned counsel, bring this Complaint on behalf of themselves and all other consumers similarly situated throughout California (as described in the Class Action Allegations below) against Defendant, KIMBERLY-CLARK Corporation ("KIMBERLY-CLARK") for damages, restitution, declaratory and injunctive relief, along with attorneys' fees, and in support thereof state as follows:

### PARTIES, JURISDITION AND VENUE

1.      Plaintiffs Judah Rosenwald, Craig Chouraki-Lewin, and Cindy Rutter are consumers who have purchased Kleenex "wet wipes" made by Defendant, KIMBERLY-CLARK.

COMPLAINT [CLASS ACTION] - 1

Plaintiff Judah Rosenwald was at the time of his purchases, a resident of California, Plaintiff Craig Chouraki-Lewin was at the time of his first purchase, a resident of Washington who is now and was, at the time of his second purchase, a resident of California.

2.  Plaintiff Cindy Rutter was at the time of her purchase a resident of Wyoming who has been and currently spends approximately half the year in California, where she has used the product.

3.  Jurisdiction: State courts, such as this one, are courts of general jurisdiction; they may hear the causes of action herein that are based upon California law and provide the relief requested.

4.  Venue: Plaintiffs live in the County of San Francisco.

## FACTUAL ALLEGATIONS

5.  KIMBERLY-CLARK made, marketed, and until shortly after the CLRA demand letter issued in this action on September 6, 2019, sold a product called **"Kleenex wet wipes germ removal"** (in this Complaint shortened to **"Germ Removal"**) throughout California (and the US), sold in drug stores such as Walgreens, CVS, and Rite Aid, online through Amazon, and many other places such as Stop and Shop. The product continues to be available for sale online.[1]

6.  Consumers do not, generally, know the significance of the chemical compounds present in their products. They do, however, know the difference between a "soap" and a

_____

[1] To the extent the product is still sold online, Plaintiffs allege that the advertising allegations made herein, otherwise presented in the past tense (i.e., "advertised"), are to be read as well in the present tense (i.e., "advertises").

COMPLAINT [CLASS ACTION] - 2

"germicide" to this extent: a soap loosens the attachment of foreign bodies to the skin such that some abrasion (handwashing; towel drying) and some water as a vehicle to move along the dislodged foreign bodies removes them from the skin, while a germicide kills foreign bodies that are disease-causing microorganisms on contact, and removal is of marginal interest.

7.  A product advertised to "remove germs," focusing only on the words, could be taken to be a soap, but reasonable consumers would not think so with this Germ Removal product, and Plaintiffs here did not think so. The reason is the combination of representations and omissions that accompany those words.

8.  KIMBERLY-CLARK made four distinct representations on their Germ Removal product to emphasize this.

9.  First, the product's name. "Germ Removal" tells the consumer that this product in particular removes microorganisms that cause disease. Merriam Webster's online dictionary definition of "germ" includes the following: "a microorganism causing disease: a pathogenic agent (such as a bacterium or virus); *broadly*: microorganism."

10. There are many products sold that help consumers keep their hands clean. The conventional targets for cleaning are "dirt" and "grime," sometimes "grease." None use the word "germ" or "germs."

11. Second, KIMBERLY-CLARK's companion products, that reinforce that Germ Removal removed "germs," while its other products cleaned in a more "gentle" or "sensitive" way.

12. Germ Removal was orange in color, a color associated with cleansing the skin immediately before surgery, such as Hibiclens, an antiseptic/antimicrobial skin cleanser.

COMPLAINT [CLASS ACTION] - 3

13. Alongside Germ Removal, KIMBERLY-CLARK sold two other products for different uses: a blue product called "Kleenex wet wipes gentle clean" labeled as "a gentle clean for hands and face," and a green product called "Kleenex wet wipes sensitive," labeled as "fragrance free with aloe & E for hands and face."

14. The "gentle clean" and "sensitive" wet wipes products compete with and are informed by products from other manufactures which KIMBERLY-CLARK knows will be presented nearby in any given store, such as Yipes! Face and hand wipes that are "safe for kids, good for everyone," "baby hand and face wipes" made by Johnson and also by Up& Up, the Wet Ones Sensitive Skin hand wipes product that "cleans, with moisturizers" and is "hypoallergenic," WaterWipes made of 99.9% water, FitRight aloe personal cleansing cloths, Seventh Generation Free & Clear Baby Wipes that are for "sensitive skin," as well as Cottonelle flushable wipes that are "refreshing clean" and "shower fresh". These products, both as designed and marketed by KIMBERLY-CLARK and its competitors, are basically soap substitutes. Rather than killing germs, they wipe them away with water.

15. Third, KIMBERLY-CLARK's use of "99%" associates Germ Removal with alcohol-based hand sanitizers such as those made by Purell. Germ Removal claims it "safely wipes away 99% of germs from skin[;] no harsh chemicals," such as alcohol, which is notorious for drying out skin.

16. The "germ removal" product is informed by and is designed to compete with products from other manufacturers which Kimbely Clark knows will be presented nearby in any given store, many of which advertise language to the effect of containing chemicals that kill: "antibacterial hand wipes" and "kills 99.9% of germs," containing alcohol or a

COMPLAINT [CLASS ACTION] - 4

germicide. For example, there are Wet Ones antibacterial hand wipes, fresh scent, which "Kills 99.99% of Germs," Clorox Disinfecting Wipes product that "kills 99.9% of Viruses & Bacteria," Up&Up's "antibacterial hand wipes" product that "kills 99.9% of common germs," Purell "hand sanitizing wipes" product that is "tough on messes and gentle on hands" and "kills 99.99% of most illness causing germs," and "Honest "keepin' it clean" alcohol wipes advertised to "kill 99.9% of germs" that promise "that feeling of wiping things away." KIMBERLY-CLARK's representations are designed to attract the same purchasers who would otherwise purchase products such as these to kill germs but, by choosing to purchase KIMBERLY-CLARK's "germ removal" product, accomplish the same effect but "safely" and with "no harsh chemicals" and by "wiping them away." These products destroy germs.

17.    Fourth, Germ Removal is sold as a wipe that works instantly, like alcohol, not a towelette that requires scrubbing. There are no instructions for use. (The pictures on the back of the product, show a swipe on hands or pots and pans does the trick.)

18.    Beyond these four misrepresentations, reasonable consumers would be mislead, and Plaintiffs were misled, by KIMBERLY-CLARK's omissions. It would have been easy to expressly state "no alcohol or germicide." Either statement would have made clear that the product was just a soap. Instead KIMBERLY-CLARK implied a germicidal chemical: saying "no harsh chemicals" reasonably implies "chemicals that are not harsh." And no reasonable person thinks that soap is a chemical.

19.    KIMBERLY-CLARK intended Plaintiffs to rely upon their advertising and purchase the product.

20.    KIMBERLY-CLARK is a prominent company, well regarded by Plaintiffs.

COMPLAINT [CLASS ACTION] - 5

21.     As a result of the representations and omissions itemized above, the fact that Germ Removal was advertised as containing a germicide was false and likely to deceive reasonable consumers, particularly during the advent of COVID.

22.     As a result of the representations and omissions itemized above, KIMBERLY-CLARK's advertising of Germ Removal did in fact deceive Plaintiffs, as well as at least seven other consumers in different states, each of whom acted reasonably in seeing the advertising and purchasing the product. In fact, the original complaint filed in this matter in federal court included seven (7) other plaintiffs from different states (Washington, Wyoming, Colorado, Pennsylvania, New York, New Jersey, and Florida), each of whom echoed (and as witnesses are prepared to echo) Plaintiffs' allegations herein.

23.     Reasonable consumers would think, and Plaintiffs did think, that Germ Removal contained a germicide that could be removed with a wipe.

24.     No reasonable consumer would have purchased this product knowing the truth, namely that it contained no germicide. Plaintiffs would not have done so.

25.     During the beginning of COVID, the time period in which Germ Removal was sold and Plaintiffs purchased it, consumers were particularly apprehensive about the disease and desperate to purchase products that would protect them. It was a time when advertising that promised any possible advantage in combating COVID would be relied upon, and reasonably – not just because of increased fear but the changing nature of the science and reasonable expectation that sellers of products knew with greater certainty the value of their products against the disease.

26.     As a result of reviewing each of KIMBERLY-CLARK's representations and omissions regarding its Kleenex "wet wipes germ removal" product described above: Mr.

COMPLAINT [CLASS ACTION] - 6

Rosenwald purchased the product more than once in the March/April 2020 timeframe in a San Francisco Walgreens; Mr. Chouraki-Lewin purchased the product on Amazon in 2020 in Seattle, Washington and again on January 15, 2021 in San Francisco; and Ms. Rutter purchased the product in late 2020 on Amazon from Wyoming and used it in San Francisco, California.

27.    Plaintiffs are damaged because they received no value for their money. Had they known what this product actually was, they would not have purchased the product. They simply would have continued to use soap, readily available at sinks everywhere, and at no cost, and would have continued to use alcohol gel otherwise. The damages are the full value of the purchase made. Alternatively, if the law requires their damages to be offset by the value, if any, actually provided by the product, the damages can be stated as a price premium – the difference between the price charged by KIMBERLY-CLARK for a soap pretending to be a germicide and the soap that is free at sinks, public and private. Alternatively still, the premium can be stated as the difference between the relatively low price of wipes that are marketed as containing only soap and the relatively high price of KIMBERLY-CLARK's "germ removal" product marketed to convey the presence of something materially different and more effective against germs.

28.    The actual price paid by Plaintiffs is, at this point, difficult for most to recall, because it was relatively small, part of other drug store or online purchases at the time, purchase made some time ago, the product is not presently available on drug store shelves to prompt memory of the precise amount paid and it came in a variety of sizes priced differently. More, as the Covid pandemic took hold in the Spring of 2020, personal cleaning products such as the Kleenex "germ removal" wet wipes began disappearing

COMPLAINT [CLASS ACTION] - 7

from the shelves as consumers such as Plaintiffs here increasingly sought to do all they could to protect themselves from Covid, leading to substantial increases in the price of the product. When KIMBERLY-CLARK introduced the product line on May 31, 2018, the suggested retail pricing information it released for three different packaging formats ranged from $0.99 for a single wipe to $2.99 for a packet. Plaintiff Chouraki-Lewin's purchase on January 15, 2021, however, was at the cost of $14.03, for a pack of 48. Pricing information, including that of competitors' products, is in the possession of KIMBERLY-CLARK.

29.     Shortly after bringing this potential lawsuit to KIMBERLY-CLARK's attention (*see* paragraph 41 below), KIMBERLY-CLARK effectively pulled Germ Removal from the market. To the extent it was still available, were it accurately advertised, each of the Plaintiffs would be open to purchasing it depending upon its price and their particular needs. Each of the Plaintiffs continues to be interested in purchasing KIMBERLY-CLARK products, yet now does not know whether or not to trust the representations that may be made on or concerning them by KIMBERLY-CLARK.

## CLASS ACTION ALLEGATIONS

30.     **Class definition:** All consumers who have purchased or used the Kleenex "germ removal" wet wipes product in California.

31.     **Numerosity**. There are so many potential class members that individual joinder of class members is impractical.

32.     **Commonality**. As is clear from paragraphs 1-29, there are questions of law or fact that apply equally to all purchasers of Kleenex "germ removal" wet wipes product and are therefore common to class members.

33.   **Typicality**. The claims of the Plaintiffs here, putative class representatives, are typical of those of absent class members.

34.   **Adequacy of representation**. Class counsel and Plaintiffs intend to fairly and adequately protect the interests of absent class members. Class counsel is experienced in class action matters.

## FIRST CLAIM FOR RELIEF

### (CLRA – deceit/fraud)

35.   Plaintiffs incorporate by reference and hereby re-allege the allegations of paragraphs 1-34 of this Complaint as if fully set forth herein.

36.   Each of the misrepresentations and omissions described above was made by KIMBERLY-CLARK, intentionally and knowingly, in an effort to deceive reasonable consumers and capture part of the alcohol wipe market with a soap product masquerading as a germicide.

37.   KIMBERLY-CLARK knew that the reasonable consumer was particularly susceptible to purchasing a product such as Germ Removal that promised an edge in combating COVID at the beginning of the pandemic.

38.   KIMBERLY-CLARK tried to hide its misrepresentations and omissions behind the "cleansing power of water" words it puts in small print on the back of the product, and listing among the various chemicals present in the product chemicals that, to a chemist or a consumer with a scientifically sophisticated background, constituted soap. All this proves too much: if taken seriously, there is nothing sufficiently compelling about these words to lead a reasonable consumer to purchase the Germ Removal product: water and soap are free.

39. The conduct set forth constitutes "deceptive acts or practices" by KIMBERLY-CLARK that "results in the sale of goods to … consumers" under Cal. Civ. Code sec. 1770(a). In particular, KIMBERLY-CLARK intended to deceive and in fact deceived reasonable consumers, such as Plaintiffs here (and the seven other former plaintiffs) into believing that its Germ Removal product had/has characteristics, ingredients, uses, benefits, or quantities that it did/does not have and otherwise advertised goods with the intent not to sell them as advertised, in violation of Cal. Civ. Code secs. 1770(a)(5) and (9) respectively, to the financial damage of Plaintiffs here measured by the financial outlay incurred when, relying upon KIMBERLY-CLARK's deceptive advertising, they purchased the Germ Removal product.

40. In particular, Plaintiff Judah Rosenwald was, at the time of his purchase, over the age of 65 and therefore a "senior citizen" protected additionally under Cal. Civ. Code sec. 1780(b).

41. On September 6, 2019, the undersigned sent a CLRA demand letter pursuant to Cal. Civ. Code sec. 1782 to KIMBERLY-CLARK on behalf of Judah Rosenwald (Exh.1). On October 3, 2019, KIMBERLY-CLARK responded without offering to provide appropriate relief. Sometime thereafter, KIMBERLY-CLARK appears to have pulled its Germ Removal product from the market.

42. Plaintiffs are entitled to damages under the CLRA, Cal. Civ. Code sec. 1780.

**SECOND CLAIM FOR RELIEF**

**(UCL – unfairness only, *not fraud*)**

43. Plaintiffs incorporate by reference and hereby re-alleges the allegations of paragraphs 1-42 of this Complaint as if fully set forth herein.

COMPLAINT [CLASS ACTION] - 10

44.  California Business and Professions Code section 17200 et seq. prohibits unfair competition, by which the statute includes not just fraudulent conduct and illegal conduct but conduct that is "unfair." *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (1999) ("a practice may be deemed unfair" even if it is not "fraudulent" or "unlawful").

45.  Even if a reasonable consumer would have carefully studied the packaging and have seen that the language on the back emphasizing the cleansing power of water, and even if that reasonable consumer were to assume that it was water, or maybe something like soap, that had a strong role in the product's effectiveness, a reasonable consumer has no way to know the product does not *also* contain some sort of germicide.

46.  Even if a reasonable consumer would have then gone back to the front of the packaging and read the "wipes away" language, a reasonable consumer has no way to know that the product does not wipe away germs *that have been killed* by a germicide in the product.

47.  In other words, even if the representations on the Germ Removal product are literally accurate, such that there is no fraud, KIMBERLY-CLARK's choice to advertise the product in a way that raised the question of whether or not the product contained a germicide – *i.e.*, intentional ambiguity – was unfair to consumers, especially at the beginning of COVID when consumers were desperate and credulous.

48.  Assuming that water (and soap) were the only effective ingredients in Germ Removal and the other wet wipes products sold alongside them, it would have been an easy matter for KIMBERLY-CLARK to say *something* affirmative that would differentiate Germ Removal (orange) from Gentle Clean (blue) and Sensitive (green). Failing to do so is unfair to consumers because it preys on their hope (even if unreasonably held) that there

COMPLAINT [CLASS ACTION] - 11

must be something special in the Germ Removal product that is effective against germs that is not in the other wet wipes products.

49.   KIMBERLY-CLARK engaged in unfair business practices that violated Cal. Bus. and Prof. Code sec. 17200 et seq.

50.   Under these circumstances, it is unfair that KIMBERLY-CLARK retains all (alternatively: some portion) of the money Plaintiffs paid KIMBERLY-CLARK for Germ Removal, and Plaintiffs are entitled to restitution under the UCL, section 17203.

## DEMAND FOR RELIEF

51.   WHEREFORE, Plaintiffs prays for judgment against KIMBERLY-CLARK that:

a.   To the extent the product is still being marketed and sold, KIMBERLY-CLARK be preliminarily and permanently enjoined from committing the acts alleged herein as well as be declared in violation of each of these laws;

b.   KIMBERLY-CLARK be declared to be in violation of law(s) identified herein and separately responsible to Plaintiffs for equitable and financial relief;

c.   KIMBERLY-CLARK be ordered to pay Plaintiffs' actual, consequential, incidental and special damages;

d.   KIMBERLY-CLARK be ordered to provide restitution to Plaintiffs;

e.   KIMBERLY-CLARK be ordered to pay Plaintiffs' attorneys' fees and costs to the extent available under the statutes sued hereunder and Cal. Code Civ. Proc. sec. 1021.5;

f.   KIMBERLY-CLARK be ordered to pay statutory damages and/or civil penalties to the extent available under the statutes sued hereunder;

g.  Plaintiffs be awarded punitive damages (in that the conduct alleged herein constitutes

fraud and/or oppression under Cal. Civ. Code sec. 3294); and

h.  Plaintiffs be awarded such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs respectfully request a jury trial on all issues triable thereby.

Dated this 23rd of October, 2025.

/s/ David M. Rosenberg-Wohl
David M. Rosenberg-Wohl
HERSHENSON ROSENBERG-WOHL
A PROFESSIONAL CORPORATION

COMPLAINT [CLASS ACTION] - 13

HERSHENSON
ROSENBERG-WOHL
A PROFESSIONAL CORPORATION
315 Montgomery St, 10th Fl.
San Francisco, CA 94104
(415) 829-4330

September 6, 2019

Kimberly-Clark Corporation

351 Phelps Drive
Irving, TX 75038

401 N. Lake St.
Neenah, WI 54956-2072

c/o CT Corp. System
1999 Bryan St., Ste. 900
Dallas, TX 75201

VIA CERTIFIED/REGISTERED MAIL, RETURN RECEIPT REQUESTED

Re:     Notice under California's CLRA, section 1782

To Whom It May Concern:

This office represents Judah Rosenwald, a California consumer who purchased, in San Francisco County, your product named "Kleenex wet wipes GERM REMOVAL" The prominent notice on the product packaging states: "safely wipes away 99% of germs from skin[,] no harsh chemicals." (An asterisk appears to specifically link the name of the product to the notice.)

The back of the product packaging states: "The Cleansing Power of Water ... Anytime, Anywhere."

Mr. Rosenwald purchased this product having been attracted to the packaging, and based on the information presented on that packaging, he expected that this product would allow him to easily wipe a surface and make it as clean as possible. However, the advertising claims on your product appear to be false. The language on the back speaks of "water" as the active cleansing agent – nothing else. No "active ingredient" is listed on the packaging in the small print, and none of the "gentle ingredients" in small print appear to have any cleansing capacity whatsoever.

You appear to be representing that goods have characteristics, ingredients, uses, benefits, or quantities that they do not have, that goods are of a particular standard or quality while they are of another, and advertising goods with the intent not to sell them as advertised – each of which is violation of the California Consumers Legal Remedies Act (the "Act"), set forth specifically at California Civil Code sections 1770(a)(5), (7), and (9).

It appears that Mr. Rosenwald is entitled to actual damages, an injunction, restitution, punitive damages, attorneys' fees, as well as any relief a court might deem proper under section 1780(a) of that Act. Because the conduct described above has caused and will continue to cause damage to other consumers similarly situated, it appears that Mr. Rosenwald may bring an action for the relief described on behalf of not just himself but on behalf of other consumers under section 1781(a) of the Act.

Kimberly-Clark Corporation
September 9, 2019
Page 2

Under section 1782(a)(2) of the Act, Mr. Rosenwald demands that the Kimberly-Clark Corporation correct, replace or otherwise rectify the goods described above in a way that makes him whole, make similarly situated consumers whole, and makes sure that no other consumers are subject to this conduct.

If Kimberly-Clark Corporation has any information or data that supports its representations on and about this product, please provide that information and/or data to the undersigned counsel immediately. This request includes any "clinical study," whether characterized as "proprietary" or not, conducted by Kimberly-Clark Corporation or on its behalf, to prove the truth of the claims made about this product.

Very truly yours,

HERSHENSON ROSENBERG-WOHL, a Professional Corporation

By: _____
David M. Rosenberg-Wohl





**CT Corporation**
**Service of Process Notification**
01/07/2026
CT Log Number 551041434

## Service of Process Transmittal Summary

**TO:**    Mirna Rodriguez
Kimberly Clark Corp.
2100 COUNTY ROAD II
NEENAH, WI 54956-1860

**RE:**    **Process Served in California**

**FOR:**    Kimberly-Clark Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JUDAH ROSENWALD, CRAIG CHOURAKI-LEWIN, AND CINDY RUTTER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED vs. KIMBERLY-CLARK CORPORATION |
| **CASE #:** | CGC25631058 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/07/2026 at 15:45 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Kimberly Clark Legal  Served._Legaldocuments@kcc.com |
| | Email Notification,  Mirna Rodriguez  mirna.rodriguez@kcc.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                     Wed, Jan 7, 2026
**Server Name:**                              Drop Service

| | |
|---|---|
| Entity Served | KIMBERLY-CLARK CORPORATION |
| Case Number | CGC-25-631058 |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |

