GIBSON, DUNN & CRUTCHER LLP
TIMOTHY W. LOOSE, SBN 241037
  tloose@gibsondunn.com
PATRICK J. FUSTER, SBN 326789
  pfuster@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

*Attorneys for Defendant Kimberly-Clark Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDAH ROSENWALD, CRAIG COURAKI-LEWIN, and CINDY RUTTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION,<br><br>Defendant. | Case No. 3:26-cv-01086<br><br>**DEFENDANT KIMBERLY-CLARK CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Hearing Date: March 18, 2026 |

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT on March 18, 2026, or as soon thereafter as it may be heard in this Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Kimberly-Clark Corporation ("Defendant" or "Kimberly-Clark") will and hereby does move this Court for an order under Federal Rules of Civil Procedure 12(b)(6) dismissing Plaintiffs' Class Action Complaint (Dkt. 1, Ex. A) (the "Complaint").

The Court should dismiss the Complaint with prejudice because Plaintiffs have now had five opportunities to plead their claims. Plaintiffs' California consumer protection claims require allegations of fact plausibly demonstrating that a "reasonable consumer" would be deceived. As this Court previously concluded in two dismissal orders, Plaintiffs' allegations fail this standard because no reasonable consumer could read the label and conclude that the product would kill germs on contact with chemical germicides. Plaintiffs obtained exactly what the label represented: a wet wipe that cleans and wipes away 99% of germs *without* harsh chemicals. Plaintiffs have refiled the Complaint without curing any of the defects identified previously by this Court, instead repeating the same substantive allegations and theories that were already squarely rejected by this Court, confirming that any further amendments would be an exercise in futility.

Kimberly-Clark bases this Motion upon this Notice of Motion, the accompanying Memorandum of Points and Authorities and Exhibit A thereto, the accompanying Request for Judicial Notice, all cited authorities, all pleadings and papers on file in this action, and such oral argument and other evidence as the Court shall consider prior to or at the time of hearing on this Motion.

**STATEMENT OF ISSUES TO BE DECIDED**

Whether reasonable consumers would believe that a "germ removal" wipe with "no harsh chemicals" that is "alcohol free" and "wipes away" germs from skin would also kill germs on contact when the product label never made any representations about killing germs or making use of germicidal ingredients.

Dated: February 11, 2026                    GIBSON, DUNN & CRUTCHER LLP


                                            By:      /s/ Timothy W. Loose
                                                     Timothy W. Loose
                                                     Patrick J. Fuster

                                            *Attorneys for Defendant Kimberly-Clark Corporation*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. PROCEDURAL HISTORY .................................................................................................. 2

III. SUMMARY OF FACTUAL ALLEGATIONS .................................................................... 4

IV. LEGAL STANDARDS ......................................................................................................... 6

V. ARGUMENT ........................................................................................................................ 6

    A. The labels would not mislead a reasonable consumer. .............................................. 6

        1. The front and back labels are accurate and consistent. ................................. 8

        2. The Wipes' other product packaging features would not mislead a reasonable consumer into believing that the Wipes kill germs on contact. ....................................................................................................... 11

    B. Placement of the product by third-party retailers is irrelevant. ................................ 12

    C. The COVID-19 pandemic does not relax the reasonable consumer standard. ........... 12

VI. CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................6

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
   945 F.3d 1225 (9th Cir. 2019) .............................................................................................8, 10

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ..................................................................................................6

*Cheslow v. Ghirardelli Chocolate Co.*,
   445 F. Supp. 3d 8 (N.D. Cal. 2020) ....................................................................................7, 12

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ..............................................................................................7, 8

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ..................................................................................................6

*Hughes v. Ester C Co.*,
   930 F. Supp. 2d 439 (E.D.N.Y. 2013) ......................................................................................9

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ..................................................................................................6

*Kennard v. Kellogg Sales Co.*,
   2022 WL 4241659 (N.D. Cal. Sept. 14, 2022) .........................................................................9

*Kwan v. SanMedica Int'l*,
   854 F.3d 1088 (9th Cir. 2017) ..................................................................................................9

*Lavie v. Procter & Gamble Co.*,
   105 Cal. App. 4th 496 (2003) .................................................................................................10

*Lokey v. CVS Pharmacy, Inc.*,
   2020 WL 6822890 (N.D. Cal. Nov. 20, 2020) .......................................................................11

*Lokey v. CVS Pharmacy, Inc.*,
   2021 WL 633808 (N.D. Cal. Feb. 18, 2021) ............................................................................8

*Martinez v. Mead Johnson & Co.*,
   2022 WL 15053334 (C.D. Cal. Oct. 22, 2022) ........................................................................9

*McGinity v. Procter & Gamble Co.*,
   69 F.4th 1093 (9th Cir. 2023) ..........................................................................................6, 7, 9

*Moore v. Mars Petcare US, Inc.*,
   966 F.3d 1007 (9th Cir. 2020) ..................................................................................................7

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) ...........................................................................................6, 7, 8

<

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Parent v. Millercoors LLC*,
  2016 WL 3348818 (S.D. Cal. June 16, 2016)..............................................................................12

*Robles v. GOJO Indus., Inc.*,
  2023 WL 4946601 (9th Cir. Aug. 3, 2023)................................................................................7, 9

*Rosenwald v. Kimberly Clark Corp.*,
  2023 WL 5211625 (N.D. Cal. Aug. 14, 2023)...........................................2, 3, 4, 5, 8, 9, 10, 11, 12

*Rosenwald v. Kimberly-Clark Corp.*,
  152 F.4th 1167 (9th Cir. 2025)..............................................................................................1, 3, 4

*Scheuerman v. Nestle Healthcare Nutrition, Inc.*,
  2012 WL 2916827 (D.N.J. 2012)....................................................................................................9

*Ebeid ex rel. U.S. v. Lungwitz*,
  616 F.3d 993 (9th Cir. 2010)..........................................................................................................6

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003)..........................................................................................................2

*Whiteside v. Kimberly Clark Corp.*,
  108 F.4th 771 (9th Cir. 2024).....................................................................................................7, 8

**Statutes**

Cal. Bus. & Prof. Code § 17200 .........................................................................................................6

Cal. Bus. & Prof. Code § 17500 .........................................................................................................6

Cal. Civ. Code § 1750 et seq.............................................................................................................5

**Rules**

Fed. R. Civ. P. 9(b) .............................................................................................................................6

Fed. R. Civ. P. 12(b)(2) and (6) .........................................................................................................3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case concerns the labeling on certain packages of Kleenex® Germ Removal Wet Wipes (the "Wipes"). Because people on the move don't always have access to soap and water, Kimberly-Clark launched Germ Removal Wet Wipes in 2018, Dkt. 1, Ex. A (the "Complaint") ¶ 28, which provided consumers with the ability to wipe away germs anytime, anywhere, without using any harsh chemicals. The Wipes communicated these benefits to customers with statements such as: "safely wipes away 99% of germs from skin," "alcohol free," and "no harsh chemicals." Plaintiffs' latest iteration of their complaint admits that advertising the product as having no alcohol "made clear that the product was just a soap," and not a germicide. *Id.* ¶ 18. Yet, Plaintiffs continue to claim they bought the Wipes on the mistaken assumption that they removed germs not by wiping them away (as the label itself says), but instead through a chemical germicide that is harsh enough to kill on contact.

This is not the first time that Plaintiffs have tried to advance this theory; Plaintiffs have filed five iterations of their complaint. On August 31, 2022, Plaintiffs initially brought the same claims on behalf of a putative nationwide class. *See Rosenwald v. Kimberly Clark Corp.*, No. 3:22-cv-04993 (N.D. Cal.) ("*Rosenwald I*"). The Honorable Laurel Beeler entered two dismissal orders (the first with leave to amend, and the second without) after determining that Plaintiffs failed to state a plausible claim that the Wipes' product packaging would have deceived a reasonable consumer. *See Rosenwald I*, Dkt. 54. Plaintiffs appealed, and the Ninth Circuit—while not disputing that merits determination—vacated and remanded with instructions to dismiss the case for lack of subject-matter jurisdiction because Plaintiffs had initially filed in federal court but not borne their burden of sufficiently alleging the amount in controversy. *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1180 (9th Cir. 2025).

On October 23, 2025, Plaintiffs refiled their claims in San Francisco Superior Court. *See Rosenwald v. Kimberly-Clark Corp.*, No. CGC-25-631058. Plaintiffs did not change their substantive allegations or theories, but instead narrowed the scope of the putative class from all purchasers nationwide to only those who purchased the Wipes in California. Compl. ¶ 30.

On February 4, 2026, Kimberly-Clark timely removed the re-filed case to this Court, and alleged the necessary jurisdictional elements that the Ninth Circuit determined Plaintiffs had previously

failed to add. Dkt. 1. Kimberly-Clark again moves to dismiss the operative Complaint because, as this Court already concluded, "[t]his is not a case where the labels are misleading or inconsistent." *Rosenwald I*, Dkt. 54 at 9 (quoting *Rosenwald v. Kimberly Clark Corp.*, 2023 WL 5211625, at *7 (N.D. Cal. Aug. 14, 2023)).

Plaintiffs have pleaded no new facts in the latest iteration of their Complaint to change this Court's well-supported dismissal. If anything, the cosmetic additions to their pleading further confirm that no reasonable consumer could be deceived. Plaintiffs allege that "[a] product advertised to 'remove germs,' focusing only on the words, could be taken to be a soap," Compl. ¶ 7, and concede that a "no alcohol" statement makes "clear that the product was just a soap." *Id.* ¶ 18. As this Court twice acknowledged, the product's back label *does* expressly state that the product is "alcohol free." Ex. A;[1] *Rosenwald I*, Dkt. 54 at 8 (quoting *Rosenwald*, 2023 WL 5211625, at *7).

Because the latest iteration of Plaintiffs' complaint doubles down on the same implausible theories this Court has squarely rejected, it is time to draw this matter to a conclusion and dismiss with prejudice.

## II. PROCEDURAL HISTORY

On August 31, 2022, Plaintiffs Judah Rosenwald, Craig Couraki-Lewin, and Cindy Rutter filed their initial complaint in this matter on behalf of a putative nationwide class, and amended it on January 20, 2023 in response to Kimberly-Clark's motion to dismiss. *Rosenwald I*, Dkts. 1, 24; *see also* Compl. ¶ 22 (acknowledging the initial complaint filed in this matter). Kimberly-Clark moved to dismiss the first amended complaint on February 22, 2023. *Rosenwald I*, Dkt. 25.

On August 14, 2023, the Court dismissed the entirety of Plaintiffs' first amended complaint with leave to amend for failure to state a plausible claim under the reasonable-consumer standard. *Rosenwald*, 2023 WL 5211625, at *8. As the Court explained, "[P]laintiffs allege[d] that the

---

[1] Sample images of the Wipes' product packaging are attached as Exhibit A to this Motion. Although Plaintiffs' Complaint does not attach any images of the product labels at issue, courts may consider "documents incorporated by reference in the complaint . . . without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see Rosenwald*, 2023 WL 5211625, at *2 n.5. Whether by judicial notice or incorporation by reference, it is proper for the Court to consider the product labels. *See* Request for Judicial Notice In Support of Defendant Kimberly-Clark's Motion to Dismiss Plaintiffs' Class Action Complaint.

representations on the label are misleading because they suggest that the product is a germicide. But the front label does not say that the product kills germs: it says it wipes them away. The label does not say that the product is a germicide: it says that it has no harsh chemicals. The plaintiffs do not allege that the statements are false. There is no deception when a front label is accurate and not misleading." *Id.* at *7. The Court further found that, like the front label, the ingredients list disclosed that the Wipes were not germicidal. While acknowledging that "[a]n accurate ingredient list in fine print may not save the day when a front label is deceptive and confusing," the Court concluded that principle did "not apply here, where the front label and back labels convey accurate information and are consistent with each other." *Id.*

The Court also rejected theories of deception based on the orange color of the product packaging, as "plaintiffs allege nothing more than marketing products to appeal to different audiences," and based on the Wipes' alleged placement near other competing products containing alcohol, as "[i]t is an unremarkable point of retail marketing that similar products are sold in the same area and compete with each other." *Rosenwald*, 2023 WL 5211625, at *8. The Court granted leave to amend, but observed that "[g]iven that this analysis is based on the labels, curing the deficiencies seems difficult." *Id.* Plaintiffs took the opportunity to amend their complaint again. *Rosenwald I*, Dkt. 43.

On December 21, 2023, the Court dismissed Plaintiffs' second amended complaint without leave to amend pursuant to Fed. R. Civ. P. 12(b)(2) and (6), and entered judgment in favor of Kimberly-Clark. *Rosenwald I*, Dkt. 54 at 12; *Rosenwald*, 152 F.4th at 1173. The Court again concluded that Plaintiffs have not "plausibly plead[ed] that the labels are deceptive" under the reasonable-consumer standard. *See Rosenwald I*, Dkt. 54 at 7, 12. The Court began by reiterating that "the labels were not deceptive" because "the front label does not say that it kills germs and instead says that it wipes them away. The label did not say that the product is a germicide: it says that it has no harsh chemicals." *Id.* at 8 (quoting *Rosenwald*, 2023 WL 5211625, at *7). The Court also repeated that "'the front label is consistent with the back label,'" which refers to the "cleansing power of water," reinforces the absence of harsh chemicals by explicitly stating that the product is "alcohol free" and "paraben free," and lists no germicidal ingredients. *Rosenwald I*, Dkt. 54 at 8 (quoting *Rosenwald*, 2023 WL 5211625, at *7).

1  And the Court again rejected Plaintiffs' argument that orange packaging means the Wipes contain a
2  germicide. *Rosenwald I*, Dkt. 54 at 9 (citing *Rosenwald*, 2023 WL 5211625, at *8).

3  Plaintiffs appealed. The Ninth Circuit vacated the judgment against Plaintiffs and remanded
4  with instructions to dismiss the case without prejudice for lack of subject-matter jurisdiction because
5  Plaintiffs had not sufficiently alleged the amount in controversy. *Rosenwald*, 152 F.4th at 1180.
6  Plaintiffs initially filed the action in federal court but failed to allege facts supporting their invocation
7  of federal jurisdiction. Although Kimberly-Clark asserted that jurisdiction was proper, the Ninth
8  Circuit held that because the case was initially filed in federal court rather than being removed,
9  jurisdiction was to be assessed on Plaintiffs' deficient allegations. *Id.* at 1181. The Court held the
10 proper course of action in such procedural posture was dismissal without prejudice. *Id.* at 1185. In
11 doing so, the Ninth Circuit recognized "some risk" that "Plaintiffs will re-file in state court, Kimberly-
12 Clark will remove, and *we will be hearing the same case again*." *Id.* at 1184 (emphasis added).

13 That series of events has come to pass. On October 23, 2025, Plaintiffs refiled their claims in
14 the Superior Court of the State of California, County of San Francisco. *See Rosenwald v. Kimberly-*
15 *Clark Corp.*, CGC-25-631058. Plaintiffs did not change any substantive allegations or theories from
16 the last iteration of their complaint, but instead reduced the scope of the putative class from nationwide
17 purchasers to only California purchasers. Compl. ¶ 30. On February 4, 2026, Kimberly-Clark timely
18 removed the refiled case to this Court, as the Ninth Circuit held it was entitled to do. Dkt. 1. With
19 jurisdiction perfected, Kimberly-Clark now asks that the re-filed case be dismissed once again on the
20 merits.

21 **III.   SUMMARY OF FACTUAL ALLEGATIONS**

22 Kimberly-Clark manufactures some of the world's leading personal-care products, including
23 products under its Kleenex® brand. Kimberly-Clark previously manufactured and sold a Kleenex®
24 "germ removal" wet wipes product that were discontinued before the initial *Rosenwald* lawsuit was
25 filed. As this Court previously acknowledged, the Wipes' front label stated that the product "safely
26 wipes away 99% of germs from skin" with "no harsh chemicals," and reinforced that message with a
27 banner that says "WIPES AWAY" in all capital letters. Ex. A; *see also Rosenwald I*, Dkt. 54 at 2;
28 *Rosenwald*, 2023 WL 5211625, at *2. The back label also stated that the product was "alcohol free"

and "paraben free," "safe on skin," "hypoallergenic," "dermatologically tested," utilized "the cleansing power of water," and depicts a person using the Wipes on her hands. Ex. A; *see also Rosenwald I*, Dkt. 54 at 3; *Rosenwald*, 2023 WL 5211625, at *2. The back label contains an ingredients list describing the "Gentle Ingredients" such as water, aloe extract, and other non-germicides. Plaintiffs do not allege these statements to be false.

Kimberly-Clark also offered other formulations of Kleenex® wet wipes products that were sold in different color packaging, such as Sensitive Wet Wipes (green) and Gentle Clean Wet Wipes (blue). Plaintiffs do not allege that they ever saw or purchased these variations, and therefore the other colored wet wipes products cannot provide Plaintiffs with a basis for their claims. *See Rosenwald I*, Dkt. 54 at 9 (quoting *Rosenwald*, 2023 WL 5211625, at *8).

Plaintiffs are three alleged purchasers of the Germ Removal Wet Wipes. Compl. ¶¶ 1, 26. The Complaint does not include any allegations about why each particular named Plaintiff bought the Wipes or what specific labeling statements each Plaintiff read or saw before buying it. The Complaint does not even attach any images of the product labels or packaging at issue. Instead, the Complaint simply alleges that "[a]s a result of reviewing each of KIMBERLY-CLARK's representations and omissions," *id.* ¶ 26, Plaintiffs thought they were purchasing a product that "contained a germicide." *Id.* ¶ 23. No statements on the product's labels make such a claim. As this Court previously acknowledged, the Wipes' "operative ingredients . . . are mild surfactants (soaps or cleansers, here, coco-betaine and polysorbate 20), and other non-germicidal ingredients." *Rosenwald*, 2023 WL 5211625, at *2.

Disregarding the Court's prior rulings, and the accurate statements on both the product's front and back labels, Plaintiffs again allege that four aspects of the product packaging deceived reasonable consumers into believing the product "contained a germicide": (1) the "germ removal" product name; (2) the product packaging's orange color; (3) the use of the "99%" figure allegedly associated "with alcohol-based hand sanitizers"; and (4) the lack of instructions on how to use the Wipes. Plaintiffs maintain that these alleged misrepresentations were particularly pernicious for any customers who bought the product during the COVID-19 pandemic.

Based on these sparse allegations, Plaintiffs assert claims against Kimberly-Clark for violations of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. ("CLRA") (Count I);

and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL") (Count II).[2] Plaintiffs purport to bring these claims on behalf of themselves and "[a]ll consumers who have purchased or used the Kleenex 'germ removal' wet wipes product in California." Compl. ¶ 30.

## IV.   LEGAL STANDARDS

Rule 8 requires plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must allege more than "the mere possibility of misconduct"; it must include "enough facts" to make the claim "plausible on its face." *Id.* at 679, 697 (internal quotation marks omitted). While the court generally accepts as true all factual allegations in a complaint, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the presumption of truth. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted).

Because Plaintiffs' claims sound in fraud, they must also satisfy Rule 9(b)'s heightened pleading standard: "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Id.* (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). "A party alleging fraud must 'set forth more than the neutral facts necessary to identify the transaction.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

## V.   ARGUMENT

### A.   The labels would not mislead a reasonable consumer.

To succeed on any of their claims, Plaintiffs must prove that a "reasonable consumer" would be deceived by the product's labels. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 881 (9th Cir. 2021) (articulating reasonable consumer standard under California law); *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023) (dismissing complaint where plaintiff failed to plausibly allege

---

[2] Since the last iteration of their complaint, Plaintiffs have dropped their claim against Kimberly-Clark for violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500.

Gibson, Dunn & Crutcher LLP

that a reasonable consumer would be deceived by the product's labels); *Robles v. GOJO Indus., Inc.*, 2023 WL 4946601, at *1 (9th Cir. Aug. 3, 2023).

Under the reasonable-consumer standard, a plaintiff must plausibly allege that the label has a "meaningful capacity to deceive consumers." *McGinity*, 69 F.4th at 1097. The benchmark for meaningfulness requires that "'a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Moore*, 4 F.4th at 882 (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). Plaintiffs accordingly must do more than allege the "mere possibility that the seller's label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Moore*, 4 F.4th at 882 (cleaned up).

California law expects that reasonable consumers will read labels in context, with a measure of common sense, and refrain from making inventive assumptions that run contrary to the actual statements on the label. If a product's "front label is ambiguous, the ambiguity can be resolved by reference to the back label." *McGinity*, 69 F.4th at 1099. A reasonable consumer, if confronted with such an ambiguity, would not ignore "qualifiers in packaging, usually on the back of a label or in ingredient lists" that could "'ameliorate any tendency of the label to mislead.'" *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020). When a plaintiff claims that a product label is deceptive, courts applying the reasonable-consumer standard at the pleading stage consider the entire packaging in context, including the back label, unless the plaintiff plausibly alleges "that the front label would be unambiguously deceptive to an ordinary consumer, such that the consumer would feel no need to look at the back label" that would clear up any confusion about the product's nature or ingredients. *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 780 (9th Cir. 2024); *see also McGinity*, 69 F.4th at 1098–99.

Courts routinely determine at the pleading stage that claims like these do not allege a plausible theory of deception under the reasonable-consumer standard, and this Court has dismissed complaints in cases where the plaintiffs' interpretation of the labels made far more sense than the unsupportable inferential leaps that Plaintiffs made here. *See Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 16 (N.D. Cal. 2020) (cleaned up) ("[A] court may determine, as a matter of law, that the alleged violations of the UCL, FAL, and CLRA are simply not plausible."); *see, e.g.*, *McGinity*, 69 F.4th at

1100; *Moore*, 4 F.4th at 886; *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1231 (9th Cir. 2019); *Ebner*, 838 F.3d at 968.

Plaintiffs' theory of deception hinges on the notion that the Wipes' labels and product packaging deceive reasonable consumers into believing the product "contained a germicide." Compl. ¶ 23. Although Plaintiffs apparently jumped to this conclusion notwithstanding qualifiers on the label indicating the contrary, that inferential leap is unreasonable and unwarranted, especially when both the front and back labels contradict Plaintiffs' misreading. This Court in *Rosenwald I* squarely rejected Plaintiffs' theory of deception, holding that "[t]his is not a case where the labels are misleading or inconsistent"; "the front label and back labels convey accurate information and are consistent with each other." *Rosenwald I*, Dkt. 54 at 9; *Rosenwald*, 2023 WL 5211625, at *7.

Plaintiffs' latest version of their pleading includes key concessions that doom any attempt to resurrect this case. Plaintiffs now concede that a "product advertised to 'remove germs,' focusing only on the words, could be taken to be a soap[.]" Compl. ¶ 7. Plaintiffs also concede that products using germicides are advertised differently from the Wipes at issue here, "using language to the effect of containing chemicals that kill: 'antibacterial hand wipes' and 'kills 99.9% of germs.'" *Id.* ¶ 16. Most powerfully, Plaintiffs concede that a statement on the product that expressly states "no alcohol" would "have made clear that the product was just a soap." *Id.* ¶ 18. Plaintiffs "cannot plead around the undisputed labels," which state that the Wipes are "alcohol free," *Rosenwald I*, Dkt. 54 at 2 n.2, or their own concessions. Their Complaint should again be dismissed in its entirety, without leave to amend.

### 1. The front and back labels are accurate and consistent.

Plaintiffs have not plausibly alleged that the Wipes' front label would unambiguously deceive a reasonable consumer into believing that the product contains a germicide. In *Rosenwald I*, this Court already concluded that "the labels were not deceptive" because "there is no deception when a front label is accurate and not misleading." *Rosenwald I*, Dkt. 54 at 8 (quoting *Lokey v. CVS Pharmacy, Inc.*, 2021 WL 633808, at *4 (N.D. Cal. Feb. 18, 2021)). Plaintiffs cannot point to any statements or images that could plausibly be understood as a "specific promise" that the Wipes contain a germicide. *Whiteside*, 108 F.4th at 780. The labels clearly and accurately state that the product "safely wipes away

99% of germs from skin" with "no harsh chemicals," Ex. A, and Plaintiffs do not deny that this is true. *See* Compl. ¶ 47.[3]

The back label is also entirely accurate and consistent with the front label. Numerous statements—including "alcohol free," "paraben free," and an ingredients list without any germicidal ingredients—"easily dispel[]" any misconceptions that the product is germicidal. *Kennard v. Kellogg Sales Co.*, 2022 WL 4241659, at *5 (N.D. Cal. Sep. 14, 2022); *see Robles*, 2023 WL 4946601, at *1. Plaintiffs do not "allege, plausibly, why the ingredient label [and other labeling statements] fail[] to provide reasonable consumers with enough context clues to clarify any unlikely" misunderstanding of the challenged statements. *See Martinez v. Mead Johnson & Co.*, 2022 WL 15053334, at *6 (C.D. Cal. Oct. 22, 2022) (dismissing California consumer protection claims). Although "[a]n accurate ingredient list in fine print may not save the day when a front label is deceptive and confusing, . . . that does not apply here, where the front label and back labels convey accurate information and are consistent with each other." *Rosenwald I*, Dkt. 54 at 8–9 (quoting *Rosenwald*, 2023 WL 5211625, at *7); *see also Robles*, 2023 WL 4946601, at *1 (dismissing claims that front label statement that hand sanitizer "Kills More than 99.99% of Germs" was misleading "because [plaintiff] did not plausibly allege that the front label is literally false or that the front label, as clarified by the back label, is false or misleading"); *McGinity*, 69 F.4th at 1099 (dismissing complaint where the phrase "Nature Fusion" on front label of shampoo and conditioner products was not misleading when read in conjunction with back label); *Kennard*, 2022 WL 4241659, at *2, *4 (dismissing CLRA, FAL, and UCL claims where reasonable consumers would understand "veggie" to mean that a product is vegetarian—as opposed to composed of vegetables—and any doubts were dispelled by an accurate back-label list of ingredients).

Importantly, the Complaint alleges that if the Wipes' label had "expressly state[d] 'no alcohol,'" the "statement would have made clear that the product was just a soap." Compl. ¶ 18. As this Court already acknowledged, the product's back label does exactly that. *See* Ex. A; *Rosenwald I*, Dkt. 54 at

---

[3]   Nor could Plaintiffs argue there is insufficient scientific substantiation for the 99% figure, as courts have "precluded private citizens from bringing actions that allege that the challenged advertising language lacked proper scientific substantiation." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1095 (9th Cir. 2017); *see, e.g., Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 455–56 (E.D.N.Y. 2013); *Scheuerman v. Nestle Healthcare Nutrition, Inc.*, 2012 WL 2916827, at *6 (D.N.J. 2012).

8 (the back label expressly stated that the product is "alcohol free") (quoting *Rosenwald*, 2023 WL 5211625, at *7). By Plaintiffs' own concession, the Wipes' label therefore does in fact "ma[ke] clear that the product was just a soap." Compl. ¶ 18.

As in *Robles*, *McGinity*, and *Kennard*, reasonable consumers who buy a "germ removal" wipe with a label saying it "wipes away" germs from the skin using "no harsh chemicals" do not believe he or she is buying a product that "wipe[s] away germs that have been killed by a germicide in the product." Compl. ¶ 46; Ex. A. To the contrary, Plaintiffs have conceded their case in their own allegations by acknowledging that "[a] product advertised to 'remove germs,' focusing only on the words, could be taken to be a soap." *Id.* ¶ 7. As the reasonable consumer standard is not based on how the "least sophisticated consumer" would view a product label, or a consumer's "unreasonably held" hope, *see id.* ¶ 48, Plaintiffs have effectively conceded that the "germ removal" product would correctly be viewed by a reasonable consumer as an alternative to germicides. *See, e.g.*, *Becerra*, 945 F.3d at 1228–29 (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 504 (2003)) (holding the reasonable consumer standard does not depend on how the "least sophisticated consumer" would view a product label).

Plaintiffs make multiple other concessions about the labels in their Complaint that further sink their theory of deception. Plaintiffs acknowledge that other products, including Kleenex® Sensitive and Gentle Clean Wet Wipes, were "designed and marketed by KIMBERLY-CLARK and its competitors" as "soap substitutes" because "[r]ather than killing germs, they *wipe them away* with water." Compl. ¶ 14 (emphasis added). A soap substitute that "wipes away" germs with water rather than killing them on contact is exactly what the Wipes' labels promised, and exactly what Plaintiffs received. The front label truthfully stated that the product "safely wipes away 99% of germs from skin" and reinforced that message with a banner that says "WIPES AWAY" in all capital letters. Ex. A. The back label also stated that the product utilized "the cleansing power of water." *Id.* Plaintiffs also concede that they "cho[se] to purchase KIMBERLY-CLARK's 'germ removal' product" to "accomplish the same effect" as other germicidal products, but "'safely' and with 'no harsh chemicals' and by 'wiping them away.'" Compl. ¶ 16. Again, a soap substitute that "wipes away 99% of germs"

with "no harsh chemicals" is exactly what the Wipes' labels promised, and exactly what Plaintiffs received.

### 2. The Wipes' other product packaging features would not mislead a reasonable consumer into believing that the Wipes kill germs on contact.

Plaintiffs also assert that, because the labels do not instruct consumers to "scrub[]" with the Wipes, then it must have been reasonable for them to assume that the product contained a germicide that would make scrubbing unnecessary. Compl. ¶ 17. The absence of instructions to scrub cannot be transformed into an affirmative representation that the product is a "wipe that works instantly, like alcohol, not a towelette that requires scrubbing." *Id.* The label never says anything close to that. And the statements that do appear on the label do not support any such notion, because the label clearly states that the product works by "wip[ing] away" germs, not by "kill[ing] foreign bodies that are disease-causing microorganisms on contact." *Id.* ¶ 6. No reasonable consumer would believe that a "germ removal" wipe with "no harsh chemicals" that "safely wipes away" germs from skin would kill germs on contact just because the wipe is not coupled with instructions to scrub. Moreover, Plaintiffs do not allege that germicidal wipes are sold without instructions, making this inference all the more implausible. Plaintiffs' attempt at creative pleading cannot erase a common sense reading of the numerous statements on the label, including the lack of any germicides in the ingredients list, which easily dispel any misconceptions that the product is germicidal.

Nor do Plaintiffs' allegations that there are other-colored Kleenex® wipe products that are not "orange in color, a color associated with cleansing the skin immediately before surgery" or advertised as "germ removal" suggest that a reasonable consumer would have concluded that the Wipes kill germs on contact. Compl. ¶¶ 11–14. The Court previously considered and properly rejected this argument because "the plaintiffs allege nothing more than marketing products to appeal to different audiences." *Rosenwald I*, Dkt. 54 at 9 (quoting *Rosenwald*, 2023 WL 5211625, at *8 (citing *Lokey v. CVS Pharmacy, Inc.*, 2020 WL 6822890, at *5 (N.D. Cal. Nov. 20, 2020))). Like the last iteration of their complaint, the operative Complaint "does not allege that the plaintiffs saw the other-colored products," further confirming that the other packaging cannot provide Plaintiffs with a basis for their claims. *Rosenwald I*, Dkt. 54 at 9 (quoting *Rosenwald*, 2023 WL 5211625, at *8).

**B.    Placement of the product by third-party retailers is irrelevant.**

The placement of the Wipes by third-party retailers also cannot establish a plausible theory of deception. Plaintiffs allege that "[t]he 'germ removal' product is informed by and is designed to compete with products [containing alcohol or a germicide] from other manufacturers which Kimbely [sic] Clark knows will be presented nearby in any given store." Compl. ¶ 16. But there are no facts pleaded to support that conclusion, and even if a particular retailer might have chosen to shelve the Wipes near germicidal products, that does not change the fact that "the product is not labeled deceptively." *Rosenwald I*, Dkt. 54 at 9 (quoting *Rosenwald*, 2023 WL 5211625, at *8 (citing *Cheslow*, 445 F. Supp. 3d at 21–22)). In any event, Plaintiffs do not allege that they were aware of, let alone viewed, any of the other products listed in their Complaint. Nor do they plausibly "allege that defendant controls third parties that stock grocery stores and other locations." *Cheslow*, 445 F. Supp. 3d at 21; *see also Parent v. Millercoors LLC*, 2016 WL 3348818, at *7 (S.D. Cal. June 16, 2016) (dismissing as implausible a claim that the defendant controlled product placement in third-party stores).

**C.    The COVID-19 pandemic does not relax the reasonable consumer standard.**

Finally, Plaintiffs allege that "KIMBERLY-CLARK knew that the reasonable consumer was particularly susceptible to purchasing a product such as Germ Removal that promised an edge in combating COVID at the beginning of the pandemic," "the time period in which Germ Removal was sold and Plaintiffs purchased it." Compl. ¶¶ 25, 37. However, as Plaintiffs themselves acknowledge, the Wipes and its packaging predated the COVID-19 pandemic, *id.* ¶¶ 5, 28, undermining Plaintiffs' baseless insinuation that Kimberly-Clark designed the packaging to capitalize on "increased fear" during the COVID-19 pandemic. *Id.* ¶ 25. Importantly, although the Complaint is silent on the specific date when Plaintiff Rosenwald first purchased the Wipes, his CLRA demand letter is dated September 2019, and therefore his first purchase(s) predate the beginning of the COVID-19 pandemic. *Id.*, Ex. 1. Plaintiff Rosenwald therefore cannot rely on the "increased fear" during the COVID-19 pandemic as part of his theory of deception.

Plaintiffs also cannot read the product packaging unreasonably just because they allegedly bought some of the Wipes during the COVID-19 pandemic. Quite the opposite: Plaintiffs' contention that "consumers were particularly apprehensive about the disease" and subject to "increased fear"

regarding germs would suggest, if anything, that they would have reviewed the whole packaging carefully and not leapt to conclusions based simply on the product label's focus on the word "germs," orange product packaging, or use of the "99%" figure. The reasonable consumer standard governs Plaintiffs' claims, and that standard is not relaxed just because Plaintiffs allegedly made some of their purchases during the COVID-19 pandemic, especially where the Wipes and its packaging, and even some of Plaintiffs' initial purchases, all predate the pandemic.

## VI.   CONCLUSION

For the foregoing reasons, Kimberly-Clark respectfully requests that the Court grant Kimberly-Clark's motion to dismiss, with prejudice, and any other relief that the Court deems proper.

Dated: February 11, 2026                    GIBSON, DUNN & CRUTCHER LLP

By:    /s/ Timothy W. Loose
Timothy W. Loose
Patrick J. Fuster

*Attorneys for Defendant Kimberly-Clark Corporation*