UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUDAH ROSENWALD, et al.,

Plaintiffs,

v.

KIMBERLY-CLARK CORPORATION,

Defendant.

Case No. 26-cv-01086-AMO

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: Dkt. Nos. 12, 22

This is a putative class action in which Plaintiffs Judah Rosenwald, Craig Chouraki-Lewin, and Cindy Rutter ("Plaintiffs") together advance state law claims of false advertising. Before the Court are (1) Plaintiffs' motion to remand (Dkt. No. 22) and (2) Defendant Kimberly-Clark Corporation's ("Kimberly-Clark") motion to dismiss (Dkt. No. 12). Both motions are fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for June 4, 2026, was vacated. *See* Dkt. No. 34; *see also* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **DENIES** Plaintiffs' motion to remand and **GRANTS** Kimberly-Clark's motion to dismiss for the following reasons.

## I.    BACKGROUND

Plaintiffs claim that the packaging for Defendant Kimberly-Clark Corporation's Kleenex Germ Removal Wet Wipes ("the wipes") misleadingly implies that the wipes contain a germicidal ingredient. *See* Compl. (Dkt. No. 1-2). The Court largely assumes familiarity with the factual allegations in Plaintiffs' Complaint for purposes of this order, but it briefly describes the case's procedural history. After Magistrate Judge Laurel Beeler dismissed Plaintiffs' claims under the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq., and Unfair

Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., on the merits in an earlier iteration of this case, the Ninth Circuit vacated the dismissal and remanded with instructions to dismiss for lack of subject-matter jurisdiction because Plaintiffs' complaint did not plausibly allege the requirements for diversity jurisdiction. *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167 (9th Cir. 2025); *see also Rosenwald et al v. Kimberly Clark Corporation*, N.D. Cal. Case No. 3:22-cv-04993-LB (complaint filed 8/31/22). Plaintiffs refiled their claims in California state court, and Kimberly-Clark removed the case back to federal court, filing a notice of removal containing the relevant jurisdictional allegations. *See* Notice of Removal (Dkt. No. 1).

## II.     DISCUSSION

As noted above, the parties have filed dueling motions: Plaintiffs move to remand the case to state court, while Kimberly-Clark moves to dismiss the complaint for failure to state a claim. *See* Dkt. Nos. 12, 22. Before considering the challenges raised against the complaint in Kimberly-Clark's motion to dismiss, the Court first takes up the motion to remand to confirm its jurisdiction over the case.

### A.     Motion to Remand

Kimberly-Clark's notice of removal advances a single basis for subject-matter jurisdiction: diversity jurisdiction under the Class Action Fairness Act ("CAFA"), Title 28 U.S.C. § 1332(d)(2). Dkt. No. 1 ¶ 9. In their motion to remand, Plaintiffs do not contest that this case meets two of the three jurisdictional requirements under CAFA: minimal diversity, Title 28 U.S.C. § 1332(d)(2)(A); *see* Dkt. No. 1 ¶¶ 14-16, and that the putative class contains more than 100 members, Title 28 U.S.C. § 1332(d)(5)(B); *see* Dkt. No. 1 ¶ 11. Rather, Plaintiffs' motion to remand challenges whether the amount put in controversy by the proposed class claims "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This Court determines that the Defendant's notice of removal plausibly alleges that the total amount of alleged compensatory damages, punitive damages, and attorney's fees places more than $5 million in controversy.

Because the Court addresses the question in the removal posture, the analysis starts with Defendant's notice of removal, which "need include only a plausible allegation that the amount in

controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  The amount in controversy is the "amount at stake in the underlying litigation." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).  It includes "damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Id.*  That amount "is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  "As is inescapable at this early stage of the litigation, the removing party must be able to rely" on a "chain of reasoning" that is based on "reasonable" "assumptions." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)).  "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (citing *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198-99 (9th Cir. 2015)).

The Court considers Plaintiffs' threshold arguments regarding removal and subject matter jurisdiction before taking up the sufficiency of Kimberly-Clark's jurisdictional showing.

### 1.    Plaintiffs' Threshold Arguments

Plaintiffs resist Kimberly-Clark's arguments regarding the presence of CAFA jurisdiction on multiple grounds, including that (1) Plaintiffs advance a factual challenge to subject matter jurisdiction, requiring Kimberly-Clark to satisfy a preponderance-of-the-evidence standard that it does not satisfy; (2) the general presumption against removal jurisdiction weighs in Plaintiffs' favor and requires remand; and (3) Kimberly-Clark is estopped from re-litigating the issue of jurisdiction based on the arguments and outcome of *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167.  *See* Dkt. No. 22.  The Court takes up these threshold arguments in turn.

### a.    Facial or Factual Challenge

Plaintiffs advance that Kimberly-Clark must establish by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold.  *See* Dkt. No. 25.  The preponderance standard applies only when "both sides submit proof." *Dart Cherokee*, 574 U.S. at

United States District Court
Northern District of California

3

88. Here, Plaintiffs did not submit any evidence in support of an "evidentiary challenge to removal." *Swearingen v. Gen. Motors LLC*, No. 23-cv-04314, 2023 WL 7089936, at *2 (N.D. Cal. Oct. 25, 2023) (finding that Plaintiffs' allegation that the burden of evidence had not been satisfied in the absence their own proffer of any countervailing evidence insufficient to put removal at issue). "Courts in this circuit have consistently denied remand where plaintiffs fail to present contrary evidence." *Gonzalez v. Peak Cal. Rest. Grp., LLC*, No. 3:25-cv-04068, 2025 WL 2934518, at *2 (N.D. Cal. Oct. 15, 2025). Plaintiffs incorrectly assert that "[w]ho introduces the evidence and the quantum of evidence is not important." Dkt. No. 25 at 3. Without submitting any of their own evidence, Plaintiffs cannot turn a facial challenge to the notice of removal into a factual challenge simply by asserting that "Plaintiffs are challenging the evidentiary basis for removal." *Id.* Moreover, the parties' correspondence and prior briefing do not constitute evidence, nor do they inform resolution of the amount in controversy. *See* Dkt. No. 22-1. Thus, even if Plaintiffs' challenge to removal were properly classified as a factual one, the result would be the same because they fail to offer any countervailing evidence.

### b.    Presumption Against Removal Jurisdiction

Plaintiffs invoke cases applying a presumption against removal jurisdiction. Dkt. No. 22 at 5. But the Supreme Court held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89. The presumption does not apply here.

### c.    Collateral Estoppel

Plaintiffs contend that the Ninth Circuit's opinion vacating the prior dismissal and remanding with instructions to dismiss for lack of subject-matter jurisdiction estops Defendant from relitigating CAFA jurisdiction. Dkt. No. 22 at 7-10. But the Ninth Circuit in fact contemplated that Defendant "will be able to remove as soon as Plaintiffs re-file in state court." *Rosenwald*, 152 F.4th at 1184. Plaintiffs also have not shown that the Ninth Circuit decided the "identical" issue that the Court now decides. *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). While the Ninth Circuit decided that Plaintiffs' complaint did not plausibly establish CAFA jurisdiction based on its failure to plead the required jurisdictional elements, the Court now

United States District Court
Northern District of California

decides, after a removal, whether Defendant's notice of removal sufficiently establishes CAFA jurisdiction. *See Rosenwald*, 152 F.4th at 1176 (refusing to apply legal-certainty test because Defendant had not yet "filed a 'notice of removal [with] a plausible allegation that the amount in controversy exceeds the jurisdictional threshold' ") (quoting *Dart Cherokee*, 574 U.S. at 89). The Ninth Circuit already acknowledged that Kimberly-Clark did not, as Plaintiffs contend, have a "full opportunity . . . to introduce any evidence and argument it wanted to support CAFA jurisdiction" in the first suit as the Court was not addressing the question in the removal posture. Dkt. No. 22 at 10; *Rosenwald*, 152 F.4th at 1176. Plaintiffs thus err in characterizing the notice of removal as a "second bite at the apple." Dkt. No. 22 at 11. The Court must reject Plaintiffs' estoppel argument.

The Court accordingly turns to the sufficiency of Kimberly-Clark's contentions regarding the amount in controversy.

### 2.    Amount in Controversy

Kimberly-Clark relies on three sums to reach the $5 million threshold for CAFA jurisdiction: (1) alleged compensatory damages, (2) alleged punitive damages, and (3) Plaintiffs' demand for attorney's fees. Dkt. No. 24 at 17-21. The Court considers these amounts in turn.

### a.    Alleged Compensatory Damages

First, the Court begins the amount-in-controversy calculation by looking to the alleged compensatory damages, which are slightly more than $2 million here. Dkt. No. 1 ¶¶ 23-24. Plaintiffs seek to recover "the full value of the purchase[s] made" by themselves and the class. Dkt. No. 1-2 ¶ 27. As Plaintiffs plead in their complaint, and acknowledge in their briefing, full-refund damages is a "possible" measure of damages. Dkt. No. 22 at 7 (citing *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 795 (2015)). The Ninth Circuit also recognized that, although challenging to win, seeking full-refund damages for these same claims is a legally possible measure of damages under California law. *Rosenwald*, 152 F.4th at 1178. Plaintiffs argue that, because of various hurdles to proving their claims on the merits, they are not "likely" to receive full-refund damages, punitive damages, or a percentage-based fee award. Dkt. No. 22 at 2 n.2, 4, 5, 7. That argument misunderstands the test. The Court looks to the "estimate of the total amount

5

in dispute," and it may not make "a prospective assessment of defendant's liability" in calculating the amount in controversy, regardless of Plaintiffs' concessions as to the likelihood of their recovery. *Lewis*, 627 F.3d at 400; *see* Dkt. No. 22 at 8. Defendant's notice of removal alleges that its gross sales of the wipes to retailers in California during the relevant class period was $2,070,000, and that this figure is a conservative baseline for legally possible compensatory damages because retailers sell goods to ultimate consumers at a markup. Dkt. No. 1 ¶¶ 23-24. Defendant also supports this allegation with a sworn declaration. Dkt. No. 1-1. Plaintiffs present no countervailing evidence regarding the proper calculation of compensatory damages. The Court finds the allegation of at least $2,070,000 in alleged compensatory damages is sufficiently established for purposes of assessing jurisdiction under CAFA.

### b. Alleged Punitive Damages

Second, the Court considers Plaintiffs' request for punitive damages, which, at a conservative ratio of 1:1, place at least another $2,070,000 in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citing *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943)). Including punitive damages in the jurisdictional calculation is appropriate because Plaintiffs seek punitive damages in their complaint. Dkt. No. 1-2 ¶ 51(g); *see, e.g.*, *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (including punitive damages in amount in controversy for assessing CAFA jurisdiction). Typically, a plaintiff can recover punitive damages in an amount up to four times the amount of compensatory damages. *Rosenwald*, 152 F.4th at 1179 (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). That 4:1 ratio would place this case well above the $5 million mark and would be sufficient to establish jurisdiction under CAFA. But because the amount in controversy exceeds $5 million even with a 1:1 ratio, this Court assumes without deciding that even a "conservatively estimated" ratio of 1:1 is sufficient to support the Court's jurisdiction. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). When using the alternative, lower ratio, the amount put in controversy by Plaintiffs' request for full-refund compensatory damages ($2,070,000) and punitive damages (an additional $2,070,000) is at least $4,140,000.

United States District Court
Northern District of California

Plaintiffs resist this conclusion, but the Ninth Circuit has squarely rejected their argument that a defendant must identify cases with "analogous facts" where plaintiffs won awards of punitive damages. Dkt. No. 22 at 5; *see Greene*, 965 F.3d at 773. Similarly, Plaintiffs' argument that punitive damages should be excluded from the amount in controversy based on their failure to plead punitive damages with "specificity" must fail. Dkt. No. 22 at 5. The specificity of Plaintiffs' punitive damages allegations does not influence the analysis here. Rather, Defendants need only establish that punitive damages are at stake, and to require more "effectively change[s] CAFA's amount-in-controversy requirement from possible liability to probable liability." *Greene*, 965 F.3d at 773. Accordingly, the Court finds a conservative estimate of punitive damages appropriately considered within the amount in controversy calculation.

### c.    Demand for Attorney's fees

Third, Plaintiffs' request for attorney's fees adds at least another $1,035,000 to the amount in controversy. As noted above, the amount in controversy includes potential attorney's fees. *Fritsch*, 899 F.3d at 793. Plaintiffs seek attorney's fees under the CLRA and California Code of Civil Procedure § 1021.5. Dkt. No. 1-2 ¶ 51(e). The Ninth Circuit has recognized a 25% benchmark for attorney's fees in class actions, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011), and a defendant may rely on that benchmark to estimate the fees in controversy, *Greene*, 965 F.3d at 774 n.4. Applying the 25% benchmark to the $4,140,000 in compensatory and punitive damages discussed above yields at least $1,035,000 in attorney's fees.

### d.    Amount in Controversy Conclusion

In sum, even using conservative estimates for compensatory damages and punitive damages, the aggregate total amount in controversy is at least $5,175,000, including compensatory damages, punitive damages, and attorney's fees. The Court therefore "finds, by the preponderance of the evidence, that the amount in controversy exceeds" CAFA's $5 million threshold. 28 U.S.C. § 1446(c)(2)(B); *see Dart Cherokee*, 574 U.S. at 88. Because Kimberly-Clark establishes subject matter jurisdiction, the Court accordingly denies Plaintiffs' motion to remand.

7

United States District Court
Northern District of California

**B.      Motion to Dismiss**

Because the notice of removal establishes subject-matter jurisdiction, the Court turns to Kimberly-Clark's pending motion to dismiss.

The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff, it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also considers the wipes' labels, which were incorporated by reference through the complaint's repeated allegations about their contents. Dkt. No. 12-1 at 2-3; *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Rosenwald v. Kimberly Clark Corp.*, 3:22-cv-04993-LB, 2023 WL 5211625, at *2 n.5 (N.D. Cal. Aug. 14, 2023) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

The reasonable-consumer standard governs Plaintiffs' CLRA and UCL claims. *Brown v. Brita Prods. Co.*, 172 F.4th 1113, 1118 (9th Cir. 2026) (citing *Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854, 868 (9th Cir. 2025)). Plaintiffs must plausibly allege that a "significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" by the challenged packaging. *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016)). Where a front label is ambiguous, "the ambiguity can be resolved by reference to the back label." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023). A reasonable consumer confronted with an ambiguity will consult "qualifiers in packaging, usually on the back of a label or in ingredient lists," that may "ameliorate any tendency of the label to mislead." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020). The Court may disregard the back label only when a plaintiff plausibly alleges that the front label is "unambiguously deceptive" – that is,

8

makes a "specific promise" such that the consumer would feel no need to consult the back label. *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 780 (9th Cir. 2024).  Although a label's ability to deceive the public is often a question of fact, dismissal is appropriate where the alleged violations are "simply not plausible." *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 16 (N.D. Cal. 2020) (quoting *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014)).

Plaintiffs fail to plead plausible claims under this standard.  Plaintiffs put forth a theory that Kimberly-Clark's packaging was "deliberately dressed in the language of a germicide," deceiving them into believing that the wipes kills germs on contact.  Dkt. No. 23 at 4.  Yet the labels state no such thing.  The front label provides that the product "safely wipes away 99% of germs from skin" with "no harsh chemicals," and it reinforces that message with a prominent "WIPES AWAY" banner.  Dkt. No. 12-1 at 2.  The label's representation that a product removes germs by wiping them away could not plausibly be understood as an explicit or implicit representation that it kills them with a germicide.  The lack of any instructions to "scrub" with the wipes similarly does not "suggest[] killing on contact" where the front label expressly instructs users to "WIPE[] AWAY."  Dkt. No. 23 at 4.  If the product killed germs on contact, there would be no reason to wipe them away.  *Cf. Brown*, 172 F.4th at 1119 (reasonable consumer could not interpret statement that products " '*reduce*' contaminants" as a representation that products "remove contaminants entirely").  Moreover, Plaintiffs do not allege any facts which call into question that the product in fact wipes away 99% of germs as stated on the label.

The back label in no way confuses the statements on the front of the package.  The Court need not consider the back label because Plaintiffs' claims are implausible based on the front label alone.  But at minimum, Plaintiffs fail to advance a plausible theory that the front label makes a "specific promise" that would lead a consumer to ignore the back label.  *Whiteside*, 108 F.4th at 780.  A reasonable consumer therefore would have seen that the back label touts "The Cleansing Power of Water," states that the product is "Alcohol Free" and "Paraben Free," and lists only non-germicidal ingredients without any contrary claim.  Dkt. No. 12-1 at 2-3.  Plaintiffs received what was advertised: a wet wipe that wipes away 99% of germs, without harsh chemicals or alcohol.

As a result, "the front label and back labels convey accurate information and are consistent with each other," and the back label dispels Plaintiffs' unreasonable assumption that the wipes contain a germicide. *Rosenwald*, 3:22-cv-04993-LB, Dkt. No. 54 at 8-9.

The Court is unpersuaded by Plaintiffs' counterarguments. The complaint does not contain factual allegations supporting a plausible theory that the public associates the wipes' use of a 99% figure or the color orange exclusively with germicidal products in this context, as Judge Beeler previously determined. *Rosenwald*, 3:22-cv-04993-LB, Dkt. No. 54 at 9. Nor do the allegations plausibly support a claim that a reasonable consumer would assume that the wipes are a germicide because Kimberly-Clark sells different non-germicidal wipes in blue and green packaging or because retailers may sell the wipes in proximity to germicide products where Plaintiffs do not even allege being aware of these other products at the time of purchase. Dkt. No. 23 at 4, 6. The Court further finds no support for Plaintiffs' contention that a relaxed standard applies in the context of purchases made during the Covid-19 pandemic. *E.g.*, *Robles v. GOJO Indus., Inc.*, No. 22-55627, 2023 WL 4946601, at *2 (9th Cir. Aug. 3, 2023) (applying ordinary standard to hand sanitizer). In short, Plaintiffs' claims fail as implausible under the Ninth Circuit's decisions applying California's reasonable-consumer standard. The Court will therefore grant Kimberly-Clark's motion to dismiss.

### C.      Leave to Amend

Typically, the Court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, however, granting leave to amend would be futile. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). No amendment to the complaint could change the conclusion that the wipes' packaging is not plausibly deceptive as a matter of law. Plaintiffs have now filed five complaints across this and the earlier-filed action that Judge Beeler dismissed. Each of those complaints has fallen short of pleading a plausible claim.

Because any amendment would be futile, the Court dismisses the complaint with prejudice.

//

//

United States District Court
Northern District of California

**III.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to remand and the Court **GRANTS** Defendant's motion to dismiss with prejudice.  A separate judgment shall issue.

**IT IS SO ORDERED.**

Dated: June 30, 2026

_____

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**